

September 29, 2020

**By ECF**
Honorable George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      **Re:**    *United States v. Tony McClam*
             **17 Cr. 596 (GBD)**

Dear Judge Daniels:

      As the Court is aware, our client Tony McClam died in the custody of the Federal Bureau of Prison ("BOP"), within days of his relocation to the Metropolitan Correctional Center ("MCC"), early in the morning of September 24, 2020. We were deeply saddened to learn this news. As we submit this letter, both Mr. McClam's defense team and his family have learned more about Mr. McClam's death through the news media than through the requests for information we have made to BOP and the U.S. Marshals Service. Even that information is sparse. Mr. McClam, his family, and the public have an interest in the circumstances of his death being known and not subject to speculation and rumor.

      Neither the undersigned nor Mr. McClam's family were able to visit Mr. McClam for approximately six months due to COVID-19 pandemic procedures implemented at the BOP's Metropolitan Detention Center ("MDC") in Brooklyn. In addition, our access to speak by phone and video conference with Mr. McClam was extremely limited, and his family had no opportunity to have video conferences with him (so they have not been able to see him in any way for months). Further, in the last two weeks Mr. McClam was moved from MDC Brooklyn to Essex County jail, and then to MCC. In each instance, BOP did not inform us that Mr. McClam would be moved and did not inform us after he was moved. Instead, several scheduled legal conferences with Mr. McClam were simply cancelled. As a result, we had no telephone or video conference communication with our client between the September 17, 2020 pre-trial conference and his death.

      As the Court is aware, there has been ongoing litigation against MCC regarding prisoner access to counsel and to health care services. *See, e.g., Fernandez-Rodriguez v. Licon-Vitale*, 1:20-cv-03315-ER. MCC also had a high-profile incident in 2019 when Jeffrey Epstein died in MCC custody. In the wake of Mr. McClam's death at MCC, there will likely be further speculation and rumor in the press, in the legal community, and among Mr. McClam's family about how Mr. McClam died, and in the process by which the Government will seek a dismissal of the charges against him. We recognize that, under the doctrine of abatement, Mr. McClam's death ordinarily abates further proceedings. However, here there are compelling informational interests implicated by Mr. McClam's sudden, unexplained death at a facility reputed to have health care services issues, as well as by virtue of the fact that neither the undersigned nor his family had been in recent communication with him due to pandemic related lock

down restrictions and the transfers of Mr, McClam between MDC, Essex County Jail, and MCC. These informational interests warrant very limited further proceedings pursuant to Fed. R. Crim. P. 17(c). *See, e.g.*, *U.S. v. Epstein*, 19 Cr. 490 (RMB), Doc. No. 48 (recognizing that the public has an "informational interest" where a defendant has died before any judgment was entered against him and scheduling a hearing); *see also U.S. v. Nojay*, 224 F. Supp. 3d 208, 214 (W.D.N.Y. 2016) (recognizing the doctrine of abatement, but finding that public interests warranted proceeding to unseal the underlying criminal complaint against the decedent). Fed. R. Crim. P. 17(c) authorizes trial courts to deny subpoena requests only where "compliance would be unreasonable and oppressive." Specifically, given the informational interests at issue here—which are shared by the public, Mr. McClam, and his family—we respectfully submit that there is nothing unreasonable or oppressive about asking that MDC, MCC, the Marshals Service, the FDNY first responders, the hospital that treated Mr. McClam, and the Office of the Chief Medical Examiner be ordered to provide any and all information about Mr. McClam's health conditions and death to his attorneys. To that end, we attach here proposed subpoena orders addressed accordingly.

      For the aforementioned reasons, we respectfully move the Court to grant our subpoena requests. We have consulted with AUSA Dominic Gentile and he has informed us that the Government takes no position on these requests. Thank you for the Court's consideration of this letter motion.

                                            Respectfully submitted,

                                            /s/

                                            Aaron Mysliwiec
                                            Carine M. Williams
                                            *Attorneys for Tony McClam*

cc:      Dominic Gentile, AUSA
           Brett Kalikow, AUSA
           Samson Enzer, AUSA
           (via ECF)